[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15343
Non-Argument Calendar
_____

D.C. Docket No. 1:99-cr-00099-CB-S-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KELVIN DEMOND WILLIAMS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(September 23, 2016)

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Kelvin Williams appeals his 24-month sentence, imposed for violating the conditions of his supervised release.  On appeal, Williams argues that his sentence was substantively unreasonable because it was greater than necessary to comply with the applicable factors set forth in 18 U.S.C. § 3553(a).  Williams states that leniency was appropriate due to the serious stroke that he suffered prior to the revocation hearing, and that it was unreasonable for the district court to impose the statutory maximum sentence.   He maintains that a sentence of 21 months would have been sufficient to punish him for the violation of the terms of his supervised release and sufficiently deter him from future violations.

We review the sentence imposed by the district court upon the revocation of supervised release for reasonableness.  *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  When reviewing reasonableness, we apply a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007).

Upon finding that the defendant violated a condition of supervised release, the district court may revoke the term of supervised release and impose a term of imprisonment after considering certain of the specific factors set forth in 18 U.S.C. § 3553(a).  18 U.S.C. § 3583(e)(3).  The § 3553(a) factors to be considered upon revocation of supervised release are: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need to deter

2

criminal conduct; (3) public protection; (4) the need to provide the defendant with medical care or other correctional treatment in the most effective manner; (5) the applicable guideline range; (6) the pertinent policy statements of the Sentencing Commission; (7) the need to avoid unwarranted sentencing disparities; and (8) the need to provide restitution to victims. *Id.*; 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7).

The party who challenges the sentence bears the burden of showing that the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). A court can abuse its discretion when it: (1) fails to consider relevant factors that were due significant weight; (2) gives an improper or irrelevant factor significant weight; or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). This Court reverses only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id*. at 1190 (quotations omitted).

3

Although we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

Here, the district court did not abuse its discretion in imposing a within-guidelines, statutory maximum sentence on Williams because the sentence was supported by the applicable § 3553(a) factors, including the circumstances of Williams's violation and his criminal history. Although the state criminal charges of domestic violence that comprised his most serious violation were dismissed, Williams consistently admitted to beating his girlfriend, and conceded that the evidence supported a finding that the beating constituted the Alabama offense of Second Degree Battery, a Grade B violation of the terms of supervised release. The government submitted evidence, including photographs, showing that the beating was particularly severe, and even Williams admitted that the beating "went . . . too far." Furthermore, Williams had been convicted of numerous violent acts in the past, and the underlying offense in this case arose from an incident of domestic violence. This pattern of violence in general, and domestic violence in particular, implicate the needs for deterrence and to protect the public from Williams.

Williams's medical condition was entitled to consideration. 18 U.S.C. § 3553(a)(1). However, in light of the fact that Williams had only sought the

4

recommended rehabilitative treatment on one occasion during the 10-month period between his stroke and the revocation hearing, the district court did not abuse its discretion in determining that the seriousness of the offense and Williams's history of violence outweighed any need for leniency based on his medical condition. *See Clay*, 483 F.3d at 743. Moreover, the district court ordered the Bureau of Prisons to ensure that Williams receives medical treatment while incarcerated, which adequately addressed his medical condition.

Williams's sentence was substantively reasonable in light of the § 3553(a) factors and the totality of the circumstances. Accordingly, the district court did not abuse its discretion in imposing a 24-month sentence, and we affirm.

**AFFIRMED.**