[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14923
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cr-00097-JDW-TGW-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALREDO HERRERA-VILLARREAL,
a.k.a. Alfredo Herrera-Villareal,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 20, 2016)

Before TJOFLAT, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Alredo Herrera-Villarreal appeals his 135-month total sentence, imposed at the bottom of the guidelines range after he pled guilty to one count of conspiring to possess with intent to distribute 5 kilograms or more of cocaine while on board a vessel, in violation of 46 U.S.C. §§ 70503(a), 70506(a), (b), and 21 U.S.C. § 960(b)(1)(B)(ii), and one count of possession with intent to distribute 5 kilograms or more of cocaine while on board a vessel, in violation of 46 U.S.C. §§ 70503(a), 70506(a), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii). Herrera-Villarreal first contends the district court clearly erred by not applying a mitigating-role reduction pursuant to U.S.S.G. § 3B1.2. Second, he asserts his sentence was procedurally unreasonable because the district court failed to consider the 18 U.S.C. § 3553(a) factors, and failed to explain its sentence sufficiently for appellate review. After review,[1] we affirm the district court.

## I. DISCUSSION

### A. *Mitigating-role reduction*

Under the Guidelines, a defendant may receive a reduction for having a limited role in the offense. U.S.S.G. § 3B1.2. The defendant may receive a four-level reduction if he was a minimal participant, a two-level reduction if he was a minor participant, or a three-level reduction if he was somewhere between a

---

[1] We review the district court's factual finding of the defendant's role for clear error. *United States v. Barrington*, 648 F.3d 1178, 1200 (11th Cir. 2011). When a defendant does not make a procedural reasonableness objection at the time of his sentencing, we review for plain error. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).

minimal and minor participant. *Id*. The adjustment applies to defendants that are "substantially less culpable than the average participant." *Id*. § 3B1.2, comment. (n.3(A)). The determination of whether to apply a mitigating-role adjustment "is heavily dependent upon the facts of the particular case." *Id.* § 3B1.2, comment. (n.3(C)). On November 1, 2015, an amendment to the application notes of § 3B1.2 took effect, adding the following language to note 3(c):

> In determining whether to apply subsection (a) or (b), or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:
> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
> (v) the degree to which the defendant stood to benefit from the criminal activity.
>
> For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.
>
> The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.

U.S.S.G. Supp. App. C., Amend. 794.  Because this is a clarifying amendment to the Guidelines, it applies retroactively.  *United States v. Cruickshank*, __ F.3d __, 2016 WL 5075936 at *7 (11th Cir. Sept. 20, 2016).

The district court did not clearly err in denying Herrera-Villarreal a mitigating role reduction pursuant to U.S.S.G. § 3B1.2.  In determining whether a mitigating-role adjustment applies, the district court should consider two principles: first, "the district court must measure the defendant's role against [his] relevant conduct" and second, "where the record evidence is sufficient, the district court may also measure the defendant's conduct against that of other participants in the criminal scheme attributed to the defendant."  *See United States v. De Varon*, 175 F.3d 930, 934 (11th Cir. 1999) (*en banc*).  Herrera-Villarreal was sentenced based on the offense conduct of transporting 1,227 kilograms of cocaine as a crewmember aboard a vessel.  Because his offense level was calculated using only the amount of drugs found on the boat on which he served, he did not have a minor role compared to his relevant conduct.  *Id.* at 940–41 (explaining the district court must "measure the defendant's role" against all of the relevant conduct that was attributed to him, as "some defendants may be held accountable for conduct that is much broader than their specific acts," such as in a conspiracy).  Rather, Herrera-Villarreal's actual conduct was identical to the relevant conduct attributable to him.

4

Further, Herrera-Villarreal presented no evidence to demonstrate that he was less culpable than the other crewmembers, who were the only other identifiable participants in his relevant conduct. *See id.* at 944 (explaining under the second principle, the district court must "measure the defendant's culpability in comparison to that of other participants in the relevant conduct," to the extent they can be identified or discerned from the evidence). In fact, at his sentencing hearing, Herrera-Villarreal proffered that he was a mechanic aboard the ship, which arguably made him more culpable than other crewmembers who may have had positions of less responsibility in the enterprise. Ultimately, Herrera-Villarreal had the burden of demonstrating by a preponderance of the evidence that he deserved a mitigating role adjustment. *See United States v. Alvarez-Coria*, 447 F.3d 1340, 1343 (11th Cir. 2006) (explaining the defendant bears the burden of establishing his qualification for a minor role reduction by a preponderance of the evidence). There is nothing in the record to show that Herrera-Villarreal met this burden.

The district court correctly concluded the November 2015 amendment to note 3(c) did not change the fact the essential inquiry is whether the defendant was less culpable than the average participant. U.S.S.G. § 3B1.2, comment. (n.3(A)). The district court did not clearly err in determining Herrera-Villarreal was not entitled to a minor role reduction in light of the amendment. Even considering the

5

new factors added to the application notes, Herrera-Villarreal has not presented any evidence that (1) his actual conduct was less substantial than the conduct attributable to him, or (2) he was less culpable than the other crewmembers.  He is not entitled to the adjustment even when applying the amendment.

*B.  Procedural reasonableness*

We ensure the district court committed no significant procedural error, such as improperly calculating the guideline range, failing to consider the 18 U.S.C. § 3553(a) factors, or inadequately explaining the chosen sentence.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  "Although the district court must provide some explanation for the sentence, nothing . . . requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors."  *United States v. Docampo*, 573 F.3d 1091, 1100 (11th Cir. 2009) (quotation omitted).

Herrera-Villarreal's sentence is not procedurally unreasonable, and the district court did not commit any procedural error, plain or otherwise.  The district court expressly stated that it had considered the § 3553(a) factors, then specifically addressed and explained its reasoning regarding certain § 3553(a) factors such as the background and characteristics of the defendant, and the seriousness of the offense.  Thus, the district court did not commit a procedural error by failing to

consider the § 3553(a) factors or inadequately explaining the sentence it imposed.

*See id.*

## II.  CONCLUSION

We affirm Herrera-Villarreal's 135-month sentence.

**AFFIRMED.**