[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15096

_____

D.C. Docket No. 1:13-cr-00052-CB-B-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

YVONNE WILEY HALL,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(January 26, 2017)

Before WILSON and JILL PRYOR, Circuit Judges, and BARTLE,[*] District Judge.

PER CURIAM:

Yvonne Hall appeals her sentence of 36 months' imprisonment, imposed after revocation of her supervised release.  She raises a procedural reasonableness claim, arguing that the district court erred by considering an impermissible sentencing factor: religion.  After thorough review of the record and the parties' briefs, and having had the benefit of oral argument, we vacate Hall's sentence and remand to the district court for resentencing.

I

While under supervised release for bank fraud and identity theft convictions, Hall again committed bank fraud.  The offense triggered revocation of Hall's supervised release, with a guidelines range of 21 to 27 months' imprisonment.  Hall requested a sentence at the lower end of the range, noting that she has three children.  The government asked for the statutory maximum—36 months—based on Hall's criminal history.  Hall and the district court then engaged in the following colloquy:

> Hall: I'm very much content with . . . your decision, whatever it is.  That's saying—you know, like he said, it's over and over and over.  I just have an addiction [to money] and there's no help for me. . . .

---

[*] Honorable Harvey Bartle III, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

<u>Court</u>: Why do you say there's no help for you?

<u>Hall</u>: Because there's nothing. What help do you have for someone like me? The only people that get help is people that's on drugs. . . .

<u>Court</u>: Have you thought of finding something else to satisfy your addiction?

<u>Hall</u>: You know, when you have an addiction that goes on for so long[.]

. . .

<u>Court</u>: And I'm not going to lecture you because I believe you can be saved. . . . Have you ever picked up the Bible?

<u>Hall</u>: Yes, I have.

<u>Court</u>: What have you done with it?

<u>Hall</u>: I mean, I read it. It's nothing—I don't think it's a spiritual thing.

. . .

<u>Court</u>: And I'm going to sentence you to 36 months' custody . . . . But I just wish that you would give yourself time to reflect on the self, that you have turned into a demon and you've known it. You're not sick. You've turned yourself into a demon and you need not have done that.

Hall lodged no objections to the district court's ruling. This appeal followed.

II

Because Hall did not object to her sentence, we review her claim for plain error. Hall must show "(1) that the district court erred; (2) that the error was plain;

3

and (3) that the error affected [her] substantial rights." *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014) (internal quotation marks omitted). "If all three conditions are met, we then decide whether the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

### III

Although plain error is a demanding standard, the unique circumstances in this case warrant relief.

First, the district court erred, and its error was plain. Religion is an impermissible sentencing factor. U.S.S.G. § 5H1.10; *see also Zant v. Stephens*, 462 U.S. 862, 885, 103 S. Ct. 2733, 2747 (1983). And the court's colloquy with Hall makes clear that its sentencing decision was "substantially affected by the consideration of" religion. *See United States v. Clay*, 483 F.3d 739, 745 (11th Cir. 2007). Religion was a focal point of the colloquy, and the court, in explaining its sentencing decision, twice called Hall a "demon," thus indicating that its "imposition of a lengthy prison term . . . reflected the fact that [its] own sense of religious propriety had somehow been betrayed." *See United States v. Bakker*, 925 F.2d 728, 740–41 (4th Cir. 1991).

Second, the court's error affected Hall's substantial rights. Given that religion was a focal point of the court's colloquy with Hall, a "reasonable

probability" exists that, but for the court's error, the result of Hall's proceeding would have been different. *See United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005).

Finally, the court's error "seriously affected the fairness, integrity, or public reputation of judicial proceedings." *See Vandergrift*, 754 F.3d at 1307 (internal quotation marks omitted). We "cannot sanction sentencing procedures that create the perception of the bench as a pulpit from which judges announce their personal sense of religiosity and simultaneously punish defendants for offending it." *Bakker*, 925 F.2d at 740.

## IV

We conclude, therefore, that Hall's sentence was based in part on an impermissible sentencing factor—religion—and we remand to the district court for a new sentencing hearing.

**VACATED AND REMANDED.**

5