[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11485
Non-Argument Calendar
_____

D.C. Docket No. 3:05-cr-00100-TJC-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRELL WILLIAMS,
a.k.a. Terral Williams,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 13, 2017)

Before JORDAN, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Terrell Williams appeals his 27-month sentence, imposed following revocation of his supervised release.  On appeal, Defendant argues that his sentence is substantively unreasonable.  After careful review, we affirm.

## I.    BACKGROUND

In 2005, Defendant pled guilty to making a false statement to a federally insured financial institution, in violation of 18 U.S.C. § 1014.  He was sentenced to 42 months' imprisonment, to run consecutively to two separate 15-month sentences he received in other cases.  The district court also imposed a five-year term of supervised release.

Defendant's supervised release commenced on August 19, 2010, and less than one year later, the probation officer petitioned the district court for a warrant or summons for Defendant for violating the terms of his supervised release.  The petition alleged that Defendant had committed multiple supervised release violations, including in relevant part, submitting untruthful written monthly reports, and receiving two new convictions in Florida.  As to the two Florida convictions, Defendant was convicted of grand theft and schemes to defraud on May 2, 2011, and sentenced to five years' imprisonment on each count, to run concurrently with each other.

Defendant completed nearly his entire five-year state sentence before a hearing on his supervised release violations was held on November 24, 2015.  At

2

the revocation hearing, Defendant admitted that he had committed all three of the aforementioned supervised release violations.  The district court calculated Defendant's guideline range as 21 to 27 months' imprisonment and noted that the statutory maximum sentence was 36 months' imprisonment.

The Government recommended that the district court revoke Defendant's supervised release and impose a within guidelines sentence.  The Government advised against an additional term of supervised release, as Defendant's record showed that he continued to violate the law, despite being on supervised release.

As mitigating evidence, Defendant called Karen Israel, a reentry veteran's specialist, who testified that Defendant served as president of several different veterans' organizations while incarcerated for the Florida convictions underlying the present violations of supervised release.  Defense counsel requested a short term of imprisonment and an additional term of supervised release, as Defendant was now a different person than he was when he violated his supervised release in 2011.  The district court noted that Defendant's criminal record was "terrible," but because it did "see a glimmer [of change in Defendant]," it wanted to hear from Defendant's social worker before pronouncing sentence.  Consequently, the district court continued the sentencing hearing.

At the next revocation hearing, both parties presented additional evidence. The Government called Maxine Simpson, the victim of Defendant's schemes-to-

defraud conviction.  Simpson, a military veteran and mother of five boys, testified that Defendant defrauded her of $4,700 by posing as a landlord of a house he did not own.  As requested by the district court, Defendant called Tonya Douglas, the mental health director at the state prison where he was incarcerated.  She testified that Defendant had expressed remorse for his crimes, and that based on her conversations with him, she believed that he could be a productive member of society.  Following Douglas's testimony, the Government reiterated its recommendation for a guidelines sentence.  Stating that it needed more time to mull over Defendant's case, the district court continued the hearing.

At the final revocation hearing, the district court expressed concern about the nature and circumstances of the violations, namely that Defendant committed additional financial crimes while on supervised release for a financial crime.  The district court further noted that Defendant's lengthy criminal history stood out among the many defendants it had sentenced over the years.  While the district court saw "a potential change" in Defendant, the district court noted that based on Defendant's criminal record, it also had to be concerned about protecting the public.  Ultimately, the district court sentenced Defendant to 27 months' imprisonment, to be followed by 33 months of supervised release.[1]

---

[1] The district court orally sentenced Defendant to five years of supervised release, but upon learning that a five-year term was not authorized by law and before issuance of the written judgment, the district court amended the term of supervised release to 33 months.

4

## II.    DISCUSSION

We review the reasonableness of a sentence imposed upon revocation of supervised release for an abuse of discretion.  *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  To determine whether a sentence is reasonable, we first look to whether the district court committed any procedural error.  *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014).  Then, we examine whether the sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances.  *Id.*  We will vacate a sentence only if we "are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*).

Defendant has not met his burden of showing that his 27-month sentence, followed by 33 months of supervised release, is substantively unreasonable. *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008) (explaining that the party challenging the sentence bears the burden of showing that it is unreasonable). For starters, Defendant's 27-month sentence was within the guideline range of 21 to 27 months' imprisonment, and we generally expect such a sentence to be reasonable.  *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) ("Although we do not automatically presume a sentence within the guidelines

5

range is reasonable we . . . expect a sentence within the Guidelines range to be reasonable." (quotation omitted)).

Defendant concedes that the district court considered the proper sentencing factors, but asserts that the district court abused its discretion by balancing them unreasonably. We disagree. As the district court noted, the nature and circumstances of Defendant's supervised release violations were "very serious," particularly in light of his "terrible record" and the fact that he had committed subsequent financial crimes while on supervised release for a financial crime. In fact, the district court acknowledged that all of the factors pointed toward sentencing Defendant to the statutory maximum term of 36 months' imprisonment. However, the district court considered Defendant's argument that he was a changed person, as well as his mitigating evidence, and concluded that a 27-month sentence adequately took into account Defendant's history and characteristics, the seriousness of the offense, the need for deterrence, and the need to protect the public from future crimes of Defendant.

To the extent Defendant asserts that the district court assigned more weight to certain factors, such as his history and characteristics and the nature and seriousness of the offense, than it did to the factors supporting his mitigating arguments, this was entirely within the discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) ("The weight to be accorded any

6

given § 3553(a) factor is a matter committed to the sound discretion of the district court." (quotations omitted)).  Defendant's argument essentially asks us to reweigh the § 3353(a) factors.  However, we decline to do so, as Defendant has not shown that the district court committed a clear error of judgment in weighing the factors or imposed a sentence outside the range of reasonable sentences.  *See United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009) (stating that, absent clear error, we will not reweigh the § 3553(a) factors); *Irey*, 612 F.3d at 1190.  In short, Defendant has not met his burden of showing that his sentence was unreasonable in light of the totality of the circumstances and the § 3553(a) factors.

For the foregoing reasons, Defendant's sentence is **AFFIRMED**.