[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14867
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-00172-WS-B-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERRELL BUTLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(May 4, 2017)

Before TJOFLAT, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Ferrell Butler appeals his 36-month sentence, imposed for violating conditions of his supervised release, and argues his sentence is procedurally and substantively unreasonable. Butler was originally sentenced to a term of imprisonment and four years' supervised release after pleading guilty to possession with intent to distribute 18.3 grams of crack cocaine, a Class B felony at the time of his sentencing. While on supervised release, Butler sold or directed the sale of controlled substances. When police officers searched a house where Butler was present, they found drugs prepackaged for sale, bullets in the kitchen, and a loaded firearm in the trunk of a car to which Butler had the only key. Further, the search revealed that although Butler owned and lived in the house, he never notified his probation officer that he changed residences.

We review the sentence imposed upon the revocation of supervised release for reasonableness under a deferential abuse of discretion standard. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014); *Gall v. United States*, 552 U.S. 38, 41 (2007). However, we review for plain error when a defendant fails to object to the procedural reasonableness of a sentence imposed by a district court at the time of sentencing. *Vandergrift*, 754 F.3d at 1307. Prevailing on plain error review requires the plain error to affect substantial rights, or seriously affect the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732 (1993). One must also show a reasonable probability of

2

a different result in the outcome of one's case.  *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005).

Pursuant to 18 U.S.C. § 3583(e), upon finding that the defendant violated a condition of supervised release, a district court may revoke the term of supervised release and impose a term of imprisonment after considering specific factors set forth in 18 U.S.C. § 3553(a).  18 U.S.C. § 3583(e)(3).  Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to deter criminal conduct; (3) the need to protect the public; (4) the need to provide the defendant with medical care or other correctional treatment; (5) the applicable guideline range; (6) the pertinent policy statements of the Sentencing Commission; (7) the need to avoid unwarranted sentencing disparities; and (8) the need to provide restitution to victims.  *Id.*; 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D), and (a)(4) – (7).

We employ a two-step process in reviewing the reasonableness of a sentence.  *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008).  We look first at whether the district court committed any significant procedural error. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  We then determine the substantive reasonableness of the sentence under the totality of the circumstances.  *Id.*  The party challenging the sentence holds the burden of

3

demonstrating the sentence's unreasonableness in light of the record and the sentencing factors.  *Id.*

In analyzing a sentence for significant procedural error, we examine factors such as whether the district court incorrectly calculated the guideline range, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, or inadequately explained the chosen sentence.  *Gall*, 552 U.S. at 51. Nonetheless, where the record makes clear that the sentencing judge considered the evidence and arguments for imposing a sentence outside the guideline range, even a briefly worded statement of reasons for imposing a sentence is legally sufficient. *Rita v. United States*, 551 U.S. 338, 359 (2007).  Moreover, nothing requires the court to state that it explicitly discussed each of the § 3553(a) factors, and the sentence may be upheld as reasonable when the record indicates that the court considered a number of the sentencing factors.  *United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007).

The weight accorded to any given § 3553(a) factor is committed to the sound discretion of the district court.  *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).  However, a district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors.  *United States v. Irey*, 612 F.3d

4

1160, 1189 (11th Cir. 2010) (*en banc*). Furthermore, a district court's unjustified reliance on any one § 3553(a) factor to the detriment of all the others may indicate an unreasonable sentence. *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006).

When the underlying felony is a Class B felony, the term of imprisonment imposed upon revocation of supervised release shall not exceed three years. 18 U.S.C. § 3583(e)(3).

Butler failed to demonstrate the procedural or substantive unreasonableness of his sentence. As an initial matter, Butler did not object to the procedural reasonableness of his sentence at the revocation hearing. Thus, we review the issue for reviewed for plain error. *See Vandergrift*, 754 F.3d at 1307.

The court did not plainly err as to the procedural reasonableness of Butler's sentence. First, although the court did not calculate Butler's guideline range, Butler failed to show a reasonable probability that he would have received a sentence below the statutory maximum had the court not erred; thus, the error did not affect his substantial rights. *See Rodriguez*, 398 F.3d at 1299; *Gall*, 552 U.S. at 51. When imposing Butler's sentence, the court expressed its clear intent to sentence Butler to the highest sentence permitted by statute, which it stated was appropriate in this case. The court explicitly stated that, unlike a sentence at the

5

statutory maximum, a sentence within the guidelines would not be sufficient to satisfy the statutory purposes of sentencing.

Moreover, the record indicates that the district court adequately explained the chosen sentence and considered a number of the § 3553(a) factors, including the serious nature of the offense, the need for the sentence to deter future criminal conduct and protect the public given Butler's poor performance on supervised release, Butler's history and characteristics, and the inadequacy of a guideline sentence. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(C), and (a)(4); *Dorman*, 488 F.3d at 944.

Additionally, Butler failed to demonstrate the substantive unreasonableness of his sentence. As discussed above, the record shows that the court weighed a number of the § 3553(a) factors before imposing Butler's sentence, and it was within the court's discretion to accord more weight to certain sentencing factors. *See Clay*, 483 F.3d at 743. As Butler failed to demonstrate that the court improperly weighed the sentencing factors, committed a clear error of judgment, or unjustly relied on one factor to the detriment of all the others, he failed to show that the court abused its discretion in imposing the 36-month sentence. *See Irey*, 612 F.3d at 1189; *Crisp*, 454 F.3d at 1292. Accordingly, we affirm.

**AFFIRMED.**