[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12845
Non-Argument Calendar
_____

D.C. Docket No. 2:06-cr-14033-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NORMAN ALLAN LAVOIE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 16, 2018)

Before MARTIN, JULIE CARNES, and HULL, Circuit Judges.

PER CURIAM:

Norman Allan Lavoie appeals his 18-month sentence, which the district court imposed after revoking supervised release.  Lavoie argues that the sentence is substantively unreasonable because it is not justified under the 18 U.S.C. § 3553(a) factors, and the district court did not have a sufficient reason to impose a sentence 50 percent above the high end of his advisory guideline range.  After careful review, we affirm.

I.

In 2006 Lavoie waived indictment and pled guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2).  The district court sentenced him to 135-months imprisonment and lifetime supervised release.  As conditions of his supervised release, Lavoie could not possess or use any computer or internet-connected device without prior approval of the court.  He also could not buy or possess visual depictions of minors or adults engaged in sexually explicit conduct, or communicate with individuals or companies offering to sell such depictions.

On April 11, 2016, Lavoie began his original term of supervision.  His probation officer made an unannounced visit to Lavoie's home on May 24, 2016 and discovered Lavoie possessed 19 adult pornographic videos; 9 adult pornographic magazines; 3 books depicting nude adults and children; and 1 cover for a videotape showing adults engaged in sexually explicit conduct.[1]  The

---

[1] The video itself was not found.

2

probation officer also found a sales receipt for the purchase of two adult pornographic videos, which was dated May 19, 2016.  A petition for revocation of supervised release was filed and Lavoie was arrested.  Lavoie admitted to the violations for possessing and purchasing adult pornographic materials.  The district court revoked supervised release and sentenced Lavoie to 9-months imprisonment followed by a lifetime of supervised release with all the same conditions.

Lavoie began his new term of supervision on February 28, 2017.  On March 18, 2017, the probation officer made another unannounced visit to Lavoie's home and again found him in violation of his supervised release.  The probation officer found 18 adult pornographic videos; 7 printed pornographic photographs; 3 magazine photographs of children; and 1 PlayStation 2 gaming console capable of connecting to the internet.  Lavoie also admitted to the following: purchasing an Xbox 360 gaming console, capable of connecting to the internet, on the day he was released from prison; visiting local businesses to purchase pornographic videos; and using his mother's computer to search for and print pornographic images and download child erotica.  A second petition for revocation of supervised released was filed and Lavoie was arrested.  Of the four violations alleged, Lavoie admitted to two: possessing adult pornographic materials as well as using his mother's computer to view, download, and print pornographic materials.  The other two violations were dismissed on the government's motion.

3

At the revocation hearing, the district court concluded Lavoie's guideline range was 6 to 12 months. Lavoie agreed and asked for 12 months and a day in jail. The government asked for 12 months, but the probation officer recommended an upward variance to 18 months. The probation officer said the upward variance was warranted because Lavoie's conduct on this second supervised release violation was nearly identical to his first. The probation officer also said that Lavoie's use of his mother's computer appeared to be an escalation in behavior, particularly as he used it to access images of children. Lavoie argued an upward variance was inappropriate because his case "was not [] extraordinary" and he possessed and purchased only adult pornography.

The district court agreed with the probation officer. The court also noted that the conduct underlying Lavoie's original offense and his supervised release violations were the same and that Lavoie "was not on supervised release for long before he went right back to his old ways." The court determined that the previous 9-month sentence had been ineffective. Concluding that an upward variance to 18 months was justifiable under 18 U.S.C. § 3553(a), the district court imposed that sentence. Lavoie objected and this appeal followed.

## II.

"We review a district court's revocation of supervised release for an abuse of discretion." United States v. Vandergrift, 754 F.3d 1303, 1307 (11th Cir. 2014)

4

(quotation omitted and alteration adopted). "We review the sentence imposed upon the revocation of supervised release for reasonableness." United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008) (per curiam). Whether a sentence is substantively reasonable is determined in light of the totality of the circumstances. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).

When a district court imposes a sentence upon revocation of a defendant's term of supervised release, it must consider certain factors set forth in 18 U.S.C. § 3553(a), including (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to deter criminal conduct; (3) the need to protect the public from further crimes of the defendant; and (4) the applicable guideline range. 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)–(C), (a)(4), 3583(e). The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007). However, a court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (quotation omitted). The justification for a variance from the guideline range "must be 'sufficiently compelling to support the

5

degree of the variance.'" Id. at 1186–87 (quoting Gall, 552 U.S. at 50, 128 S. Ct. at 597)).

### III.

Lavoie's 18-month sentence represents a variance of 50 percent above the high end of his advisory guideline range. See id. He argues the district court based the variance solely on his earlier similar violation as there was nothing about this violation that justified the variance.

The district court imposed the sentence after weighing the appropriate § 3553(a) factors, including the nature and circumstances of the offense, the history and characteristics of Lavoie, the advisory guideline range, and the need to provide deterrence. At bottom, it is apparent it attached the greatest weight to deterrence. However, we cannot say this was an abuse of discretion on these facts. See id. at 1189; Clay, 483 F.3d at 743. Not only was Lavoie's conduct on this violation similar to his previous violation, it also appeared to be an escalation. The first violation involved only the possession and purchasing of unauthorized materials. This time Lavoie also used his mother's computer to access adult pornography and images of children, which is conduct closer to that underlying his offense of conviction. And as the district court noted, each time Lavoie was released, he quickly went "back to his old ways." The first violation happened within two months of Lavoie's release from prison, and the second in less than a

6

month.  The shorter amount of time on the second violation also represented an escalation.

The district court's reasons for the variance were sufficiently compelling and the sentence is substantively reasonable.

**AFFIRMED.**