[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11244
Non-Argument Calendar

_____

D.C. Docket No. 3:15-cr-00157-HLA-PDB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNIE LITTLE WALDEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 30, 2016)

Before HULL, MARCUS, and MARTIN, Circuit Judges.

PER CURIAM:

Ernie Little Walden appeals his 72-month sentence, which he received after pleading guilty to two counts of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). In imposing this sentence, the district court varied downward from the 151-to-188 month sentencing range prescribed by the United States Sentencing Guidelines. On appeal, Walden first argues that his sentence was procedurally unreasonable because the district court failed to adequately explain its reasons for imposing the sentence. Second, Walden asserts that his sentence was substantively unreasonable because the court improperly weighed the 18 U.S.C. § 3553(a) factors. After careful review, we affirm.

## I.

Walden argues that his sentence was procedurally unreasonable because the district court failed to state any valid reason for imposing the sentence, and instead merely recited boilerplate language as to the appropriateness of the sentence. He also claims that the court did not explicitly address his motion for a downward variance.

We generally review the reasonableness of a sentence for an abuse of discretion, "first ensur[ing] that the district court committed no significant procedural error." Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). However, because Walden did not object to the procedural reasonableness of his sentence at the time of his sentencing, we review for plain error. United

States v. Vandergrift, 754 F.3d 1303, 1307 (11th Cir. 2014).  Under the plain error standard, a defendant "must demonstrate (1) that the district court erred; (2) that the error was plain; and (3) that the error affected his substantial rights."  Id. (quotation omitted) (alteration adopted).  If all three prongs are met, we then decide whether the error seriously affected the fairness, integrity, or public reputation of judicial proceedings.  Id.

A district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  See 18 U.S.C. § 3553(a)(2). In imposing a sentence, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, any pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  Id. § 3553(a)(1), (3)-(7).

Where the record makes clear that the sentencing judge considered the evidence and arguments for imposing a sentence outside the guideline range, even a briefly worded statement of reasons for imposing the sentence is legally

sufficient.  See Rita v. United States, 551 U.S. 338, 359, 127 S. Ct. 2456, 2469 (2007).  Beyond that, "nothing . . . requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors."  United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007) (quotation omitted).

The district court did not commit plain error with respect to the procedural reasonableness of Walden's sentence.  The court adequately explained its decision to impose a sentence below the guideline range and stated that it "considered . . . all of the factors identified in . . . Title 18 of the code, Section 3553(a)(1) through (7)."  The court noted that both the small amount of cocaine involved and Walden's recent effort to turn his life around weighed in favor of a downward variance.  But the court also indicated that Walden's history of committing the same offense weighed in favor of a higher sentence.  The court also considered the applicable guideline range, and ultimately concluded that a 72-month sentence was "reasonable under the circumstances."

Though Walden asserts that the district court did not explicitly address his motion for a downward variance, the record makes clear that the court did.  As explained above, the court explicitly stated that it considered all of the § 3553(a) factors.  Although the court did not grant Walden's request for a sentence of 21 to

4

27 months, it did grant a significant downward variance.  Walden's procedural reasonableness claim is denied.

## II.

Walden also argues that his sentence was substantively unreasonable.  He contends that the court weighed the § 3553(a) factors improperly by giving almost exclusive weight to his criminal history, making the sentence greater than necessary to comply with the purposes set forth in § 3553(a)(2).

In reviewing a sentence's reasonableness for an abuse of discretion, we examine whether the sentence was substantively reasonable in light of the totality of the circumstances.  Gall, 552 U.S. at 51, 128 S. Ct. at 597.  The party challenging the sentence bears the burden to show that it is unreasonable in light of the record and the § 3553(a) factors.  United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).  The weight to be accorded to any given § 3553(a) factor is committed to the sound discretion of the district court.  United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007).  However, "[a] district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation omitted).

A district court's unjustified reliance on any one § 3553(a) factor may indicate unreasonableness.  United States v. Crisp, 454 F.3d 1285, 1292 (11th Cir. 2006).

Walden's sentence is substantively reasonable.  The record makes clear that the court carefully weighed the § 3553(a) factors and concluded that a guideline sentence would be "unreasonable[] and greater than necessary to comply with the statutory purposes of sentencing."  Although the court did take Walden's criminal history into account, it did not do so to the exclusion of the other factors.  Finally the court's sentence of 72 months was well below the statutory maximum of 20 years (240 months) and even below the low end of the guideline range of 151-to-188 months.  Walden's substantive reasonableness claim is therefore denied.

**AFFIRMED.**