[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11717
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cr-00179-SDM-AAS-1

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

versus

ELIAS MORALES,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 4, 2017)

Before JULIE CARNES, JILL PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Elias Morales appeals the district court's imposition of a 14-month term of imprisonment after the revocation of his supervised release. He contends that his sentence was procedurally unreasonable because the court considered his need for drug rehabilitation in fashioning his sentence.

The Supreme Court has held that a sentencing court may not impose or lengthen a prison term to promote an offender's rehabilitation. *Tapia v. United States*, 564 U.S. 319, 332 (2011). We extended *Tapia*'s holding, explaining that it applies "whether a person is initially being sent to prison or being sent back to prison after a period of supervised release." *United States v. Vandergrift*, 754 F.3d 1303, 1309 (11th Cir. 2014). Moreover, in *Vandergrift*, we said that "*Tapia* error occurs where the district court *considers* rehabilitation when crafting a sentence of imprisonment," not merely when it (1) tailors the length of the sentence to permit completion of a rehabilitation program, or (2) makes rehabilitation the dominant factor in reaching its sentencing determination. *Id.* at 1310 (emphasis in original). "Because it is impermissible to consider rehabilitation, a court errs by relying on or considering rehabilitation in any way when sentencing a defendant to prison." *Id.* at 1311. But merely discussing rehabilitation opportunities in prison is no error, so

2

long as such opportunities are not a deciding factor when the court imposes or lengthens a sentence. *Id*.

The sentencing court did not render Morales's sentence procedurally unreasonable by violating *Tapia* and impermissibly considering rehabilitation. The court's statement that Morales needed a long prison term to become sober seems unmotivated by a consideration of his rehabilitation. Instead, the court called him a "determined abuser" and frequent violator of supervised release and stated that sending him to a treatment program would be a waste of public resources. The court imposed the 14-month term of imprisonment as a sanction for Morales's repeated violations of supervised release and a way to prevent further violations. In addition, the district court mentioned Morales's aggravated criminal history and rapid return to criminal conduct as § 3553(a) factors that it considered when imposing Morales's sentence. Because Morales has not demonstrated that his sentence was procedurally unreasonable, we affirm.

AFFIRMED.