[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13606
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cr-00019-TWT-CMS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAVIIEN OWENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 8, 2018)

Before ROSENBAUM, JULIE CARNES, and HULL, Circuit Judges.

PER CURIAM:

Defendant-Appellant Taviien Owens challenges as substantively unreasonable his 27-month sentence imposed for escaping from federal custody. After careful review, we find no error and affirm.

As relevant here, Owens was convicted of using a communication device in the commission of a drug-trafficking offense and was sentenced to 24 months in custody. After Owens spent the majority of his sentence in prison, the Bureau of Prisons transferred Owens to a halfway house where he was to complete his sentence. One evening, before he completed his sentence, Owens checked out of the halfway house to run an errand. He never returned. Atlanta police found him three weeks later while responding to a report of suspicious people in a vacant residence.

Owens was charged and pled guilty to knowingly escaping from federal custody. The district court determined Owens's base offense level was 13, pursuant to Sentencing Guideline § 2P1.1. U.S.S.G. § 2P1.1(a)(1). It then reduced it by six levels: four because Owens escaped from non-secure custody, *see id*. § 2P1.1(b)(3), and an additional two because he accepted responsibility, *see id.* § 3E1.1(a). Thus, with an offense level of seven and a criminal history category of VI—Owens had twenty-five criminal history points from more than ten prior convictions—the district court calculated his advisory Guideline sentence range as 15 to 21 months.

2

However, the court granted the government's request for an upward variance and sentenced Owens to 27 months in custody. It concluded that the Guidelines range was insufficient for two reasons. First, after Owens escaped, he sent text messages asking if a friend had crack or heroin that he could sell. Noting this, the district court found that Owens's prior 24-month sentence for using a communication device in the commission of a drug-trafficking offense was insufficient to deter him from engaging in the same activity after he escaped from custody; therefore, the court determined that an upward variance was needed to "reflect the seriousness of the [present] offense and afford adequate deterrence[,]" pursuant to 18 U.S.C. Section 3553(a).

The district court also found the Guidelines range insufficient because Owens had 25 criminal-history points. An offender is in criminal-history category VI—the highest criminal-history category—with thirteen or more criminal history points; Owens had almost double that number. Thus, after considering "the history and characteristics of the Defendant," again pursuant to 18 U.S.C. Section 3553(a), the district court determined that an upward variance was warranted.

Owens now appeals the sentence, arguing that it is substantively unreasonable[1] because it is "greater than necessary to satisfy the sentencing

---

[1] Although Owens does not expressly challenge the procedural reasonableness of his sentence, he argues that the district court should not have considered the text messages he sent to a friend asking if the friend had drugs he could sell because such evidence "was insufficient to

3

considerations set forth in 18 U.S.C. § 3553(a)." We review a challenge to the substantive reasonableness of a sentence for abuse of discretion, and vacate "if, but only if, we 'are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [18 U.S.C.] § 3553(a) factors." *United States v. Irey*, 612 F.3d 1160, 1165, 1190 (11th Cir. 2010) (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).

We are not left with such a conviction. Two of the factors a district court must consider under 18 U.S.C. § 3553(a) when determining a sentence include "the nature and circumstances of the offense and the history and characteristics of the defendant[,]" and "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense[,] . . . [and] to afford adequate deterrence to criminal conduct." The district court below cited these considerations when it concluded that Owens's immediate relapse into criminal behavior and his extensive criminal history warranted an upward variance. We cannot say that this amounted to a clear error

---

prove, by a preponderance of the evidence, that Mr. Owens was selling drugs while on escape status." This implies a procedural-error argument: that the district court "select[ed] a sentence based on clearly erroneous facts." *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009). While we review this argument for plain error because it was not preserved below, *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014), it is unavailing under any standard for the simple reason that the district court did not base the sentence on the conclusion that Owens was selling drugs. Rather, it based the sentence, in part, on the fact that Owens "at least attempt[ed]" to sell drugs. That conclusion is supported by the text messages.

4

of judgment.  *See, e.g., Shaw*, 560 F.3d at 1240 (upward variance to statutory maximum reasonable because defendant had "one-and-a-half times the number of points required to come within criminal history category VI," had committed the same crime before, and "shorter sentences had done nothing to get [defendant] off his determined course of crime and had not been enough to protect the public from his lawlessness.").  For these reasons, we affirm the district court's sentence.

**AFFIRMED.**