[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13209
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cr-00351-WSD-JSA-4

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ADAM SMITH,
a.k.a. Scrap,
a.k.a. Scrappy,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 16, 2018)

Before WILLIAM PRYOR, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Adam Smith pled guilty to one count of conspiracy to possess with intent to distribute methamphetamine and marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(C), (D) & 846.  The district court imposed a sentence of 107 months' imprisonment, which fell within the advisory guideline range of 100–125 months. The district court further ordered that 40 months of Mr. Smith's sentence would be served concurrently with his imprisonment on state charges.  Mr. Smith now appeals the procedural reasonableness of his sentence.  After careful review, we affirm.

## I

We ordinarily review the procedural reasonableness of a sentence for abuse of discretion.  *See United State v. Barrington*, 648 F.3d 1178, 1194 (11th Cir. 2011).  In this case, however, Mr. Smith made only a general objection to the "imposition of sentence just to preserve any rights."  This failed to indicate an objection to the procedural reasonableness of the sentence.  *See United States v. Massey*, 443 F.3d 814, 819 (11th Cir. 2006) ("When the statement is not clear enough to inform the district court of the legal basis for the objection, we have held that the objection is not properly preserved.").  Therefore, we review only for plain error.  *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  We may correct a plain error only when (1) an error has occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affected

2

the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Gonzalez*, 834 F.3d 1206, 1218 (11th Cir. 2016).

## II

A district court commits procedural error when it "fail[s] to calculate (or improperly calculate[es]) the Guidelines range, treat[s] the Guidelines as mandatory, fail[s] to consider the § 3553(a) factors, select[s] a sentence based on clearly erroneous facts, or fail[s] to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). Mr. Smith argues that the district court committed procedural error by failing to consider the factors set forth in 18 U.S.C. § 3553(a). Our review reveals no error, much less plain error.

When explaining its reasons for imposing sentence, we require that "the sentencing judge [ ] set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *United States v. McGarity*, 669 F.3d 1218, 1263 (11th Cir. 2012) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alteration adopted). Mr. Smith seems to contend that the district court was required to explicitly state each of the § 3553(a) factors. We have not required that the district court discuss each factor, so long as the district court sets forth a sufficient explanation for a particular sentence. *See McGarity*, 669 F.3d at 1263. The district court met this standard.

After hearing arguments from Mr. Smith and the government and listening to Mr. Smith's allocution, the district court discussed the advisory guideline range and the § 3553(a) factors.  For example, the district court acknowledged the need to deter criminal conduct, *see* 18 U.S.C. § 3553(a)(2)(B), by stating that if Mr. Smith was not punished, it would encourage other inmates to introduce contraband into prison.  Likewise, the district court commented on the safety risks associated with selling drugs inside prisons, reflecting consideration of both the nature of the offense and its seriousness.  *See* 18 U.S.C. §§ 3553(a)(1) & (a)(2)(A).  It is also clear that the district court considered Mr. Smith's personal characteristics— commenting both on Mr. Smith's acceptance of responsibility and his attitude at the proceeding, *see* 18 U.S.C. § 3553(a)(1)—and the need to avoid unwarranted sentence disparities, by considering Mr. Smith's sentence in comparison to those of his co-defendants, *see* 18 U.S.C. § 3553(a)(6).  The district court explicitly weighed these factors and explained that they called for a sentence somewhere in the middle of the advisory guideline range.  And, after completing that discussion, the district court stated that it had "applied all the [§] 3553(a) factors and [considered] what would be fair and reasonable in [Mr. Smith's] case."  Taken together, this is a sufficient explanation for Mr. Smith's 107-month sentence.  *See McGarity*, 669 F.3d at 1263 ("The district court's acknowledgment that it considered the defendants' arguments at sentencing and that it considered the

4

factors set forth in § 3553(a) alone is sufficient explanation for a particular sentence.").

## III

Because Mr. Smith has failed to show that the district court committed procedural error, we affirm his sentence.

**AFFIRMED.**