[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11543
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-00378-WSD-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO ALVAREZ-ALVAREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 30, 2018)

Before MARCUS, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Roberto Alvarez-Alvarez appeals his 20-month sentence for violating the terms of his supervised release. Alvarez originally pleaded guilty to illegal reentry by a previously deported alien under 8 U.S.C. § 1326(a), (b)(2). His sentence included two years of supervised release. After a revocation hearing, the district court found that Alvarez violated the terms of his supervised release by, among other things, attempting to reenter the United States. At sentencing, the district court sentenced Alvarez to 20 months' imprisonment, twice the high-end of the guideline range of four to ten months. On appeal, Alvarez argues that the sentence is substantively unreasonable because the district court improperly considered and weighed the relevant sentencing factors. We disagree and affirm.

We review a district court's revocation of supervised release for abuse of discretion and the sentence imposed for revocation for reasonableness. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).[1] A district court may revoke a term of supervised release and impose a term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e)(3). In part, sentencing courts must consider (1) the nature of the offense and the

---

[1] The government argues we should instead review Alvarez's claim for plain error because he did not object to the reasonableness of his sentence in the district court. When a defendant did not object to a procedural sentencing error, we review for plain error. *See Vandergrift*, 754 F.3d at 1307. But we have not decided whether plain error review applies when a defendant is challenging the substantive reasonableness of his sentence. Because we hold that there was not an abuse of discretion, we decline to do so here.

history and characteristics of the defendant; (2) the need to adequately deter criminal conduct; (3) the need "to protect the public from further crimes of the defendant"; and (4) the advisory guideline range. *See* 18 U.S.C. §§ 3583(e), 3553(a)(1), (a)(2)(B)–(C), (a)(4).  The district court is required to impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes listed in § 3553(a).  *Id.* § 3553(a).

The party challenging the sentence bears the burden to show that the sentence is unreasonable in light of the record and the § 3553(a) factors.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).  A court can abuse its discretion when it fails to consider significant relevant factors, gives an improper or irrelevant factor significant weight, or commits a clear error by balancing the proper factors unreasonably.  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).  Absent clear error, we will not reweigh the § 3553(a) factors. *United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009).

District courts have discretion to impose a sentence outside the guideline range, but the justification for a major variance must be sufficiently compelling to support the variance.  *Irey*, 612 F.3d at 1196.  Alvarez has not shown that the district court improperly considered or weighed the factors.  First, the district court

3

discussed Alvarez's individual history and characteristics in detail.  Alvarez had repeatedly been deported and violated the terms of his supervised release, including attempts to reenter the country.  Second, the weight the district court gave to the deterrence factor was justified by Alvarez's repeated reentry and deportations.  The district court had specifically ordered Alvarez on two prior occasions not to return to the United States, which he ignored, despite assuring the court that he would remain in Mexico.  Third, Alvarez argues that he reentered the United States to see his children, and that the district court should have given more weight to this reason and his lack of criminal history.  The district court considered these factors, but found his repeated violations of the law to weigh in favor of an upward variance.

We do not find the district court's balancing to be a clear error in judgment, and the district court was within its discretion to apply an upward variance to deter Alvarez from continually disregarding the law, the terms of his release, and the court's instructions.  *See Clay*, 483 F.3d at 743.  For the same reasons, Alvarez's sentence is appropriate and not greater than necessary to meet the goals of § 3553(a).  *See Tome*, 611 F.3d at 1378.  Accordingly, Alvarez's sentence is not substantively unreasonable, and we affirm.

**AFFIRMED.**