[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-15131; 18-15219
Non-Argument Calendar
_____

D.C. Docket Nos. 1:12-cr-20396-KMM-3; 1:12-cr-20397-KMM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL A. HARRIS,

Defendant - Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(April 3, 2019)

Before WILSON, WILLIAM PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Michael Harris is a federal prisoner serving a nine month sentence for violating his supervised release.  Harris argues on appeal that his sentence is substantively unreasonable because it was too severe a punishment for his violations.  He argues that the court gave an undue amount of weight to his prior supervised release violations, and that his punishment exceeds what is needed for proper deterrence.

The underlying sentence resulted from two convictions for conspiring to distribute controlled substances in 2012, for which he was sentenced to 70-months' imprisonment initially, and which was reduced to 37-months' imprisonment with 4 years of supervised release.  The two instant violations were for failing to follow instructions from the probation officer to submit to drug testing after an arrest in 2018.  Prior to this violation, Harris had his supervised release revoked and was sentenced to 6-months' imprisonment in 2016 for similar violations.

If a district court finds that a defendant violated a condition of his supervised release, the court may revoke the supervised release and impose a prison term.  18 U.S.C. § 3583(e).  We review that revocation on appeal for an abuse of discretion, and the sentence imposed upon the revocation for reasonableness.  *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  A district court abuses its discretion by imposing a substantively unreasonable sentence when it (1) fails to consider relevant factors that were due significant weight, (2)

gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably.  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in § 3553(a).  *United States v. Nagel*, 835 F.3d 1371, 1376 (11th Cir. 2016).  The party challenging the sentence bears the burden of showing the sentence's unreasonableness in light of the record and the § 3553(a) factors.  *Id.*  Those factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need to deter criminal conduct and protect the public, the kinds of sentences available, and the applicable guidelines range.  18 U.S.C. § 3553(a).  The district court is permitted to attach great weight to one § 3553(a) factor over others.  *United States v. Overstreet*, 713 F.3d 627, 638 (11th Cir. 2013).  We will not second guess the weight that the district court gives to a § 3553(a) factor if the sentence is reasonable in light of all the circumstances.  *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).

Harris's sentence is substantively reasonable.  The district court considered the nature and circumstances of the release violations, Harris's history, and the need for deterring Harris's continued violations.  The court's finding that Harris continuously disregarded his conditions of supervised release is supported by the

record—he tested positive for alcohol at least four times and refused to comply with his probation officer's instructions at least five times.  We are unable to conclude that a nine month sentence followed by 24 additional months of supervised release lies outside the range of reasonable sentences given these facts.  Furthermore, the sentence is within the guideline range of six to twelve months.  In such a circumstance, we ordinarily expect the sentence to be reasonable.  *Nagel*, 835 F.3d at 1377.   Accordingly, we affirm.

   **AFFIRMED.**