[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 22-10331

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDLENCO SHANDAR BILLUPS,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:96-cr-00023-LAG-CHW-1

————————————

Before JORDAN, ROSENBAUM, and GRANT, Circuit Judges

PER CURIAM:

Edlenco Billups appeals the 24-month sentence imposed upon revocation of his supervised release, pursuant to 18 U.S.C. § 3583. He argues that the district court erred by lengthening his sentence so that he would have the opportunity to serve a longer term in a residential reentry center ("RRC").

We review for plain error a sentencing challenge raised for the first time on appeal. *See United States v. Henderson*, 409 F.3d 1293, 1307 (11th Cir. 2005). That standard applies here because Mr. Billups did not object to the district court stating that the sentence was based in part on the need for him to spend 12 months in an RRC. We have reviewed a defendant's procedural reasonableness arguments, brought for the first time on appeal, for plain error, where the defendant failed to object on the basis of procedural reasonableness at the time of his sentence. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).

Under plain-error review, we, at our discretion, may correct an error when the defendant demonstrates: (1) an error occurred; (2) the error was plain; and (3) the error affects substantial rights. *See Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904-05, 1908-09 (2018). When these three factors are met, we may exercise discretion and correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 1905

(quotation marks omitted).  An error is plain if it is clearly contrary to settled law at the time of sentencing or at the time of appellate consideration.  *United States v. Shelton*, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

While the Supreme Court cautions that not all plain sentencing errors affect the fairness, integrity, and public reputation of judicial proceedings, it has also emphasized the importance of correcting obvious errors, considering the importance of "providing certainty and fairness in sentencing" and the relative ease of resentencing proceedings.  *See Rosales-Mireles*, 138 S. Ct. at 1908-09. The Court explained that "to a prisoner . . . [a]ny amount of actual jail time is significant, and ha[s] exceptionally severe consequences for the incarcerated individual [and] for society which bears the direct and indirect costs of incarceration," such that accurate sentencing is crucial for "maintaining public perception of fairness and integrity in the justice system."  *Id.* at 1907 (citations omitted) (internal quotation marks omitted).

In *Tapia v. United States*, 564 U.S. 319, 332 (2011) (citing 18 U.S.C. § 3582(a)), the Supreme Court held that the Sentencing Reform Act precluded sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation.  The Supreme Court clarified, however, that a district court may discuss opportunities for rehabilitation within prison and the benefits of specific treatment or training programs and may recommend that the BOP place an offender in a prison treatment program.  *See id.* at 334.

4                    Opinion of the Court                    22-10331

Applying plain error review, we held in *Vandergrift*, 754 F.3d at 1309, that *Tapia* applies in the context of sentencing after a court revokes supervised release. We declined to limit *Tapia* to situations where a district court specifically tailored the sentence length to allow a defendant to complete a rehabilitation program, or where a court made rehabilitation the dominant factor in its decision-making. *See id.* at 1310. Instead, we held that a district court commits procedural error "when it *considers* rehabilitation when imposing or lengthening a sentence of imprisonment," even if rehabilitation was not the dominant concern. *See id.* at 1309-10.

Here, the district court plainly erred by lengthening Mr. Billups's sentence so that he could spend a longer period of time in a prison rehabilitative program—an RRC—thereby impermissibly considering rehabilitative goals in violation of our holding in *Vandergrift*. Thus, we vacate and remand Mr. Billups's case for resentencing.

**VACATED AND REMANDED.**