[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12924

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD J. ANDERSON, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:15-cr-00024-VMC-TGW-1

_____

Before BRANCH, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Ronald Anderson, III appeals his sentence of 30 days' imprisonment followed by 59 months' supervised release that the district court imposed after revoking his supervised release. Anderson argues that the new sentence is unlawful because the district court failed to reduce his term of supervised release to account for the time he already served in prison. This argument, however, ignores that Anderson never served any time in prison. Thus, there is no reduction to be made, and the district court did not err. We affirm.

## I.    Background

After Anderson pleaded guilty to one count of conspiracy to commit wire fraud and bank fraud, the district court adjudicated him guilty and, in an amended judgment,[1] sentenced him to "time served" imprisonment to be followed by 60 months' supervised release. However, Anderson had not yet served prison time for the fraud, so the "time served" imprisonment designation was effectively no prison time at all.[2] The district court explained that

---

[1] The district court initially sentenced Anderson to 21 months' imprisonment to be followed by 60 months' supervised release before entering its amended judgment that zeroed out the imprisonment term.

[2] The record indicates that Anderson was in jail for at most one day following his initial arrest: "On February 5, 2015, [Anderson was] arrested and released on a $50,000 non-surety appearance bond with supervision by pretrial

22-12924                Opinion of the Court                3

it wanted him to "avoid prison so that he could be with his family and continue working to pay his restitution obligation." Anderson thanked the district court for its leniency by violating his supervised release.[3]

To address Anderson's violation, the district court revoked his initial supervised release and imposed a new, substantially similar, sentence—"time served" imprisonment to be followed by 59 months' supervised release. Anderson again violated his supervised release.[4]

Several years later, in light of Anderson's repeated violations, the district court held a supervised release revocation hearing. At that hearing, the district court expressed its disappointment that Anderson continued to exploit its leniency. Importantly, the district court stressed that—due to its leniency—Anderson had never been to prison:

> [District Court]: Remind me, Mr. Anderson, did you go to prison at all on this?
>
> [Anderson]: No ma'am. . . .

---

services." There is no evidence in the record that Anderson spent time in jail on any day other than February 5, 2015.

[3] Specifically, Anderson "[f]ail[ed] to make restitution in violation of the Court's Order," "[f]ail[ed] to answer truthfully," and "[f]ail[ed] to disclose financial information."

[4] Specifically, Anderson "fail[ed] to submit a monthly report" and "fail[ed] to make restitution."

. . .

[District Court]: Okay. I didn't think you went to prison. I thought I gave you a break. . . . I'm going to read to you what the probation officer said here. They said: Mr. Anderson's amended judgment in 2015 spared him from serving a term of incarceration, as he was sentenced to time served followed by a five year term of supervised release. . . .

Because there were difficulties calculating the amount of restitution still owed by Anderson, the court continued the hearing to a later date.

Before the final revocation hearing, Anderson filed a sentencing memorandum. Included was a letter from Anderson that thanked the district court for its leniency: "[Y]ou could have given jail time instead of this gift you had chosen to graciously give [in the previous sentencing orders]."

In the end, the district court again revoked Anderson's supervised release and issued a new sentence: 30 days' imprisonment to be followed by 59 months' supervised release. The district court stressed that jail time was now necessary because Anderson continued to "neglect[] his responsibilities" despite being shown "so much mercy."

Anderson appeals his sentence.

## II.    Standard of Review

Normally we review the district court's imposition of a supervised release sentence for abuse of discretion, *United States v. Zinn*, 321 F.3d 1084, 1087 (11th Cir. 2003), but if a defendant fails to state clearly the grounds for an objection to his sentence in the district court, we review for plain error, *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). Under plain error review, the defendant must show: (1) an error, (2) that was plain, and (3) that affected his substantial rights. *Id.*

Anderson offered only a general objection to the district court: "Your Honor, just for the record, we'd object to the sentence." He did not indicate the specific grounds for his objection; thus, plain error is the proper standard of review. *Vandergrift*, 754 F.3d at 1307.

## III.     Discussion

If a defendant violates his supervised release and is sentenced to imprisonment, a court can require "that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(h). The new term of supervised release cannot exceed the statutory maximum term of supervised release for the defendant's underlying conviction, *id.*, which for Class B felonies is 60 months, *id.* § 3583(b)(1). Further, the "maximum allowable supervised release following multiple revocations must be reduced by the aggregate length of any terms of imprisonment that have been imposed upon revocation." *United States v. Mazarky*, 499 F.3d 1246, 1250 (11th Cir. 2007).

The calculation of Anderson's maximum term of supervised release is simple: sixty months (for Anderson's maximum term of supervised release for committing a Class B felony[5] under § 3583(b)(1)), minus one month (for the term of imprisonment required by the district court's most recent sentencing order), minus zero months (for the amount of prison time Anderson has already served), for a total of fifty-nine months. The district court reached exactly this result when it imposed a sentence of 30 days' imprisonment to be followed by 59 months' supervised release.

Anderson argues on appeal that he must be credited for the prison time he already served. The problem for Anderson is that there is no evidence that his "time served" was anything more than no time at all.[6] Indeed, the district court deliberately chose "time

---

[5] Anderson pleaded guilty to a Class B felony (conspiracy to commit wire fraud and bank fraud). *See* 18 U.S.C. § 3559(a)(2) (classifying an offense as a Class B felony if it "is not specifically classified by a letter grade in the section defining it" and "the maximum term of imprisonment authorized is . . . twenty-five years or more"); 18 U.S.C. §§ 1343, 1344 (defining the maximum prison terms for wire fraud that affects a financial institution and bank fraud, which define the penalties for the conspiracy crime that Anderson pleaded guilty to according to 18 U.S.C. § 1349, as "not more than 30 years").

[6] Anderson's counsel argues that a "time served" sentence implies that "Mr. Anderson served some time in prison," but admits that "[c]ounsel could not glean from the record how much time Mr. Anderson served." Counsel was unable to "glean" how much time Anderson served in jail because, as the district court noted: "He never went to jail. He never spent a day in jail other than when he was arrested." As for his arrest, the record indicates that "[o]n February 5, 2015, [Anderson was] arrested and released on a $50,000 non-surety appearance bond with supervision by pretrial services."

22-12924                    Opinion of the Court                    7

served" as the term of imprisonment to keep him out of jail. And, in the proceedings below, Anderson twice admitted that he never served any time in prison.[7]

In sum, Anderson seeks credit for time he never served. We do not buy his argument. Instead, we conclude that the district court did not commit any error—much less a plain error—in his sentencing. *See Vandergrift*, 754 F.3d at 1307. As such, we affirm.

**AFFIRMED.**

---

[7] The first admission was during the revocation hearing when he replied "[n]o ma'am" to the district court's question "[r]emind me, Mr. Anderson, did you go to prison at all on this?" The second admission was in a formal letter to the court: "you could have given jail time instead [of being lenient]."