[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-10698

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JEREMY DIONNE SMILEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:17-cr-00031-RAH-CWB-1

_____

Before NEWSOM, KIDD, and MARCUS, Circuit Judges.

PER CURIAM:

Jeremy Smiley appeals his 24-month sentence following the revocation of his supervised release. On appeal, he argues that the district court abused its discretion by admitting privileged statements from his wife, Shaundria Parks, and recorded jail calls between himself and Parks. After thorough review, we affirm.

We review the district court's revocation of supervised release for abuse of discretion. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). Likewise, we review the district court's evidentiary rulings for abuse of discretion, including the court's ruling on a claim of evidentiary privilege. *United States v. Singleton*, 260 F.3d 1295, 1301 (11th Cir. 2001). However, "[a]n erroneous evidentiary ruling will result in reversal only if the resulting error was not harmless." *United States v. Mitrovic*, 890 F.3d 1217, 1220 (11th Cir. 2018). "[A]n evidentiary error is harmless unless there is a reasonable likelihood that [it] affected the defendant's substantial rights." *United States v. Gregory*, 128 F.4th 1228, 1251 (11th Cir. 2025).

The relevant background is this. In 2017, Smiley, a convicted felon, was indicted for possession of ammunition and a firearm, in violation of 18 U.S.C. § 922(g)(1), and pleaded guilty to the charge. Smiley was sentenced to 78 months' imprisonment, followed by a 3-year term of supervised release. Relevant here, Standard Condition Ten of Smiley's supervised release stated that he

"must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers)."

Smiley's supervised release began on February 1, 2024. On December 20, 2024, United States Probation Officer Brandon Holman petitioned to revoke Smiley's supervision on the ground that Smiley had violated Standard Condition Ten. Holman alleged that, on December 20, 2024, Smiley had been involved in a domestic dispute with his wife, Parks, and Smiley had admitted that, during the dispute, he had discharged an AR-15 style rifle into the air.

At the revocation hearing, Officer Holman testified, consistent with his petition, that after the incident between Smiley and Parks, Smiley admitted to Holman that he had fired the rifle in the air and had acquired an AR-15 rifle nine days before the altercation. The district court also allowed, over objection, statements and jail calls involving Smiley's wife to be admitted at the hearing. However, it said that even if it had sustained the objections, Smiley "told the probation officer that he had . . . an AR. So that right there would support a finding that he's violated the terms of [his] supervised release." The court then revoked Smiley's supervised release and sentenced him to 24 months' imprisonment followed by 12 months of supervised release. Smiley now challenges, on appeal, the district court's decision to admit the statements and jail calls involving Parks, which he claims were protected under the spousal testimonial privilege.

Here, we do not reach the substantive merits of Smiley's privilege claim, because even assuming the challenged statements were wrongly admitted, Smiley's substantial rights were not affected by their admission.  As the record reflects, the district court found ample evidence apart from the challenged statements -- including Smiley's admission to his probation officer about possessing an AR-15 style rifle -- to support its finding that Smiley had violated the terms of his supervised release.  These terms plainly prohibited him from, among other things, "possess[ing], or hav[ing] access to a firearm."  As a result, any admission of statements by Smiley's wife to law enforcement and the recorded jail calls between Smiley and his wife over Smiley's privilege objections was harmless because they did not have a substantial influence on the outcome of the revocation proceedings.

**AFFIRMED.**