[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————

No. 18-10978
Non-Argument Calendar

————————————

D.C. Docket No. 1:08-cr-00029-SLB-SGC-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALFONZO DEMITRIOUS ROWE,
a.k.a. Alfonzo Demetres Rowe,

Defendant - Appellant.

————————————

Appeal from the United States District Court
for the Northern District of Alabama

————————————

(August 15, 2018)

Before JILL PRYOR, BRANCH, and HULL, Circuit Judges.

PER CURIAM:

In 2008, Alfonzo Rowe was convicted for one count of being a felon in

possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He was originally

sentenced to 120 months of imprisonment followed by 36 months of supervised release. During his supervised release, Rowe shattered a television and threw it at his mother, punched his mother's husband, resisted arrest, harassed his bail bondsman, failed and falsified drug tests, and neglected to report to the Probation Office. After Rowe stipulated to these Grade C violations of his supervised release,[1] the district court revoked his supervised release. The advisory Sentencing Guidelines range was 6 to 12 months' imprisonment. U.S.S.G. § 7B1.4(a).

The district court imposed a sentence of 24 months' imprisonment, the statutory maximum under 18 U.S.C. § 3583(e)(3), the section governing the revocation of supervised release. The court explained that this sentence was necessary to reflect the seriousness of Rowe's violations and his failure to comply with the conditions of supervision, as well as his history and characteristics: "a history of violent conduct that has not seemed to have ended since he was released from prison." The court also identified the need to promote respect for the law, to provide just punishment, to deter further criminal conduct by Rowe, and to protect the public from Rowe's future crimes. Rowe now appeals.

If a defendant violates the conditions of his supervised release, the district court may, after considering certain 18 U.S.C. § 3553(a) factors,[2] revoke the

---

[1] See U.S.S.G. § 7B1.1 on the grades of violation of supervised release conditions.

[2] Section 3583(e) references only these § 3553(a) factors: (a)(1), (2)(B)-(D), & (4)-(7). 18 U.S.C. § 3583(e). These § 3553(a) factors are: (1) the nature and circumstances of the offense and the

defendant's supervised release and impose an additional term of imprisonment. 18 U.S.C. § 3583(e)(3). "We review the sentence imposed upon the revocation of supervised release for reasonableness." United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008). The party challenging the sentence has the burden of showing that it is unreasonable in light of the record and the § 3553(a) factors listed in § 3583(e). See United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010); 18 U.S.C. § 3583(e).

Rowe argues that his sentence is unreasonable because the district court failed to consider (1) that he received a sentence at the top of the Guideline range for his original offense of conviction and (2) that similarly situated defendants do not receive the statutory-maximum sentence. We disagree.

Section 3583(e)(3) does not require a district court to consider the length of a defendant's original sentence when imposing one upon revocation, as that is not one of the listed § 3553(a) factors that must be considered.[3] The district court

---

history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and the sentencing range established by the Sentencing Guidelines; (4) policy statements of the Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (2)(B)-(D), & (4)-(7).

[3] "The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by

properly considered the advisory Chapter 7 sentencing range of the Sentencing

Guidelines and chose to exceed it in light of the § 3553(a) sentencing factors and

the record. That record contains no evidence about "sentence disparities among

defendants with similar records who have been found guilty of similar conduct."

See 18 U.S.C. § 3553(a)(6). The district court properly considered several of the

other § 3553(a) factors in light of the record, including the nature and

circumstances of Rowe's offenses and Rowe's personal history and characteristics.

Ultimately, "[t]he weight to be accorded any given § 3553(a) factor is a matter

committed to the sound discretion of the district court." United States v. Clay, 483

F.3d 739, 743 (11th Cir. 2007) (quoting United States v. Williams, 456 F.3d 1353,

1363 (11th Cir. 2006)). We cannot say that the district court abused its discretion

when it concluded that Rowe's persistent disregard for the terms of his supervision

and his ongoing violent conduct required a longer period of incarceration.

Rowe's sentence is **AFFIRMED.**

---

statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve . . . more than 2 years in prison if such offense is a class C or D felony. . . ." 18 U.S.C. § 3583(e)(3). It remains an open question whether district courts are even authorized to consider factors other than those listed in § 3583(e) when imposing a revocation sentence. See United States v. Vandergrift, 754 F.3d 1303, 1308 (11th Cir. 2014) (noting that the Supreme Court has not addressed that issue, this Court has not done so in a published opinion, and other circuits that have addressed the issue are split).