[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14480
Non-Argument Calendar

_____

D.C. Docket No. 2:11-cr-00120-TPB-CM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HARVEY BASS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 18, 2020)

Before JORDAN, JILL PRYOR and NEWSOM, Circuit Judges.

PER CURIAM:

Harvey Bass appeals his 37-month prison sentence, which the district court imposed after revoking his supervised release pursuant to 18 U.S.C. § 3583(g)(1). He argues that his sentence imposed upon revocation was substantively unreasonable. Because the district court did not abuse its discretion in sentencing Bass under § 3583(g)(1), we affirm.

## I.    BACKGROUND

After serving a term of imprisonment for a drug crime, Bass began serving a term of supervised release. While under supervision, Bass was arrested on a charge of conspiracy to possess oxycodone with the intent to distribute. Following his arrest on this charge, the United States Probation Office petitioned for the revocation of Bass's supervised release, alleging that Bass had violated the terms of his supervision by possessing a controlled substance. While the petition was pending, Bass pled guilty to conspiring to possess cocaine, oxycodone, and marijuana and was sentenced to 120 months' imprisonment. The probation office then filed an amended supervised release revocation petition to reflect Bass's new conviction.

At his revocation hearing, Bass admitted that he had been convicted of the new drug crime while on supervised release. Based on that admission, the district court determined that Bass had violated the conditions of his supervised release. The court found that Bass's guideline range for this violation was between 37 and

2

46 months' imprisonment, with a statutory maximum of 60 months' imprisonment and 60 months' supervised release. 18 U.S.C. § 3583(e)(3), (g). After hearing sentencing presentations from the government and the defense, the court sentenced Bass to 37 months' imprisonment to run consecutively to the sentence he was serving for the new drug conviction. In explaining the sentence, the district court stated that Bass was "on supervised release for dealing drugs and [he] pled guilty to more drug offenses" and that 37 months was the "bottom of the guidelines" range. Doc. 418 at 21.[1] The court also stated that it had "considered the factors in 18 USC [§] 3553(a) and the advisory sentence and guidelines and policy statements issued by the U.S. Sentencing Commission." *Id.*

This is Bass's appeal.

## II.    DISCUSSION

On appeal, Bass challenges the substantive reasonableness of his sentence based on the totality of the circumstances, including the court's application of the 18 U.S.C. § 3553(a) sentencing factors.[2] "We review a district court's revocation

---

[1] "Doc." numbers refer to the district court's docket entries.

[2] Under § 3553(a), the district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of the statute. 18 U.S.C. § 3553(a). These purposes include the need to: reflect the seriousness of the offense; promote respect for the law; provide just punishment; deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment. *Id.* § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of

of supervised release for an abuse of discretion.  We review the sentence imposed by the district court upon the revocation of supervised release for reasonableness." *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014) (alteration adopted) (internal quotation marks omitted).  "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (internal quotation marks omitted).  The party challenging the sentence bears the burden of showing it is unreasonable.  *United States v. Tome*, 611 F.3d. 1371, 1378 (11th Cir. 2010).  We may vacate a sentence only if we firmly believe that the district court "committed a clear error of judgment . . . by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (internal quotation marks omitted).

Bass argues that the district court failed to give sufficient weight to his attempts to cooperate with the government, his admission of his violation, and the impact incarceration would have on his drug addiction.  Before imposing Bass's sentence, the district court said that it had considered the statements of the parties

---

the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *Id.* § 3553(a)(1), (3)–(7).

and the § 3553(a) sentencing factors, as well as the Sentencing Guidelines and the Sentencing Commission's policy statements.  In particular, the court expressed concern that while on supervised release following a drug conviction, Bass had been convicted of another drug offense.  "We will not second guess the weight (or lack thereof) that the judge accorded to a given factor under § 3553(a), as long as the sentence ultimately imposed is reasonable in light of *all* the circumstances presented."  *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010) (alterations adopted) (internal quotation marks omitted).  Furthermore, Bass's sentence was at the bottom of the guidelines range of 37 to 46 months, and well below the statutory maximum of 60 months.  "Although we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily expect a sentence within the [g]uidelines range to be reasonable."  *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (alteration adopted) (internal quotation marks omitted).  After considering the facts of the case, we are not left with a definite and firm conviction that the district court clearly erred when it imposed a 37-month sentence.  Bass's sentence is within the range of reasonable sentences imposed given his supervised release violation.

### III.    CONCLUSION

For these reasons, we affirm Bass's sentence.

**AFFIRMED.**

5