[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13540

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KYLE GEOFFREY SANDLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 3:18-cr-00342-WKW-KFP-1

_____

Before ROSENBAUM, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

Kyle Sandler appeals his twenty-three-month imprisonment sentence, imposed on revocation of supervised release. On appeal, he argues that the district court abused its discretion in imposing a substantively unreasonable sentence by varying upward from the guidelines range by fourteen months. We disagree and therefore affirm Sandler's sentence.

**I.**

We review the reasonableness of a sentence imposed on revocation of supervised release under a deferential abuse of discretion standard. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014); *Gall v. United States*, 552 U.S. 38, 51 (2007). The party challenging the sentence bears the burden to demonstrate that the sentence is unreasonable based on the record and the 18 U.S.C. § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court may revoke a defendant's term of supervised release where it finds, by a preponderance of the evidence, that the defendant violated a condition of his supervised release. 18 U.S.C. § 3583(e)(3). The district court revoked Sandler's supervised release after he pleaded guilty to violating two conditions of his supervised release, and the court found by a preponderance of the evidence that he violated a third. For a new sentence, the court

noted that the guidelines advised three to nine months' imprisonment, but the statutory maximum was not more than two years for a defendant who originally committed a Class C felony, like Sandler. 18 U.S.C. § 3583(e)(3).

Although the district court "must consider the advisory guideline range in making the sentencing decision," the guidelines "do not control it." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1258 (11th Cir. 2015) (citing *United States v. Booker*, 543 U.S. 220, 246 (2005)). A sentence that varies upward from the guidelines "represents a district court's judgment that the combined force of the other [Section] 3553(a) factors are entitled to greater weight than the guidelines range." *Id.* at 1259.

That is exactly what the district court did here. The court explicitly stated it "considered all of the 3553(a) factors," listing several that it weighed heavily in reaching its decision—i.e., Sandler's history and characteristics, the need to promote respect for the law, the seriousness of Sandler's conduct, the need to protect the public, and the need to avoid unwarranted sentencing disparities. In addition to Sandler's multiple supervised release violations, Sandler's probation officer described his "nonstop barrage of words and emails and text messages," and how he believed some rules "didn't apply to him."

The court commended several accomplishments Sandler achieved in prison but ultimately concluded, "This was not just one mistake" and "you're not amenable to supervision because you're going to do what you want." The court stated it considered the

sentencing guidelines, but it determined that a twenty-three-month imprisonment sentence (a fourteen-month upward variance), followed by no supervised release was the appropriate sentence for Sandler. The district court's decision to weigh any of the Section 3553(a) factors more heavily than the guideline range was well within its discretion. *See Rosales-Bruno*, 789 F.3d at 1259. Accordingly, the district court did not abuse its discretion in imposing term of imprisonment that varied upward from the guidelines by fourteen months.

**II.**

We **AFFIRM**.