[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13420

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TERRANCE PAUL SNOW,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cr-00403-VMC-AAS-3

_____

Before JORDAN, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

After violating the terms of his probation, Snow was sentenced to 37-months' imprisonment for his role as the getaway driver in an armed robbery. Snow now appeals, arguing that his sentence is both procedurally and substantively unreasonable. Because we find no error in the district court's sentence, we affirm.

## I.

In 2021, Snow pleaded guilty to conspiring to commit Hobbs Act robbery. The district court determined a Guidelines range of 37 to 46 months' imprisonment, but granted the prosecution's motion for a four-level downward departure based on Snow's substantial assistance. This departure resulted in a range of 24 to 30 months' imprisonment. But the district court went substantially below even that adjusted range, sentencing Snow to 60 months' probation.

Within two years, Snow violated the terms of his probation, possessing a gun and pointing it at other patrons in a bar. The district court revoked his probation. For resentencing, the court calculated a Guidelines range of 4 to 10 months' imprisonment, based on Snow's grade of probation violation (Grade B) and criminal history category (I). The district court recognized that this range was a result of the court's below-Guidelines, probationary sentence at Snow's original sentencing hearing. Because the court did not consider this range adequate given the seriousness of the

underlying crime and subsequent probation violation, it determined that an above-Guidelines sentence was appropriate. The court asked Snow's probation officer whether it was allowed to impose a sentence consistent with the 37- to 46-month Guidelines range from Snow's original sentencing hearing. After receiving confirmation that a 37-month sentence would be proper, the district court sentenced Snow to 37 months' imprisonment.

## II.

This Court reviews the reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007). The burden of establishing the unreasonableness of the sentence lies with the defendant. *United States v. Boone*, 97 F.4th 1331, 1338–39 (11th Cir. 2024). When a defendant raises an argument regarding the reasonableness of his sentence for the first time on appeal, however, our review is for plain error only. *Id.* at 1339.

## III.

Snow raises two issues on appeal. *First*, he argues that his sentence was procedurally unreasonable because the district court miscalculated his Guidelines range. *Second*, he argues that the sentence imposed is substantively unreasonable.

## A.

The district court did not procedurally err. Because Snow did not raise this objection in the district court, this Court reviews only for plain error. To show plain error, Snow must show (1) an error that (2) is plain, (3) and affects his substantial rights. *United*

*States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). If all three of these conditions are met, we consider whether the error seriously affects "the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation omitted).

The district court correctly calculated Snow's Guidelines range for his post-revocation sentence as 4 to 10 months' imprisonment. The court noted, however, that the range would have been higher if it had "stuck with the Guidelines" at Snow's original sentencing hearing, rather than giving him a sentence of probation. And due to the seriousness of Snow's probation violation and his original offense, the court determined that an above-Guidelines sentence was warranted. After receiving confirmation from Snow's probation officer that it was allowed to impose a sentence consistent with the 37- to 46-month range from the original sentencing hearing, the court imposed a sentence of 37 months' imprisonment. Snow argues that the district court erred in considering the 37- to 46- month Guidelines range from Snow's original sentencing hearing. Snow contends that, because the district court granted the prosecution's motion for a four-level downward departure at the original sentencing hearing, the court should have instead considered the 24- to 30-month post-departure range. Snow claims that—in considering the pre-departure range—the court relied on "erroneous" information.

But Snow's arguments are without merit. The only Guidelines range the court was required to consider was the 4- to 10- month resentencing range. The court considered this range

and explained in detail why it chose to deviate from it. Snow cannot show plain error because there is no binding authority holding that a district court must consider the post-downward departure Guidelines range when imposing a sentence after revocation of probation. *See United States v. Carpenter*, 803 F.3d 1224, 1238–40 (11th Cir. 2015).

**B.**

Snow also challenges his sentence as substantively unreasonable. We will not consider a sentence substantively unreasonable unless "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the 18 U.S.C. § 3553(a) factors" to arrive at a sentence outside the Guidelines range. *United States v. Riley*, 995 F.3d 1272, 1278 (11th Cir. 2021) (alteration adopted) (quotation omitted). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Courts may also consider the need for the sentence "'to reflect the seriousness of the offense, to promote respect for the law,' 'to provide just punishment for the offense,' 'to afford adequate deterrence to criminal conduct,' and 'to protect the public from further crimes of the defendant.'" *Riley*, 995 F.3d at 1278–79 (quoting 18 U.S.C. § 3553(a)(2)). District courts have discretion in weighing these factors. *Id.* at 1279.

Contrary to Snow's argument, the district court did not focus on punishment "to the exclusion of all other factors." The district court considered the seriousness of Snow's probation

violation and its relation to the underlying robbery offense, which also involved a gun.  The court emphasized the need to punish Snow for his actions, promote respect for the law, and protect the public.  And although Snow argues that the district court placed too much weight on the need for punishment, courts have discretion in weighing the § 3553(a) factors.  *Id.*  Snow's 37-month sentence—far below the 20-year statutory maximum—was not substantively unreasonable.

★    ★    ★

Because Snow's sentence was neither procedurally nor substantively unreasonable, we **AFFIRM**.