[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-12878

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOSHUA COLSTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:23-cr-00011-LAG-TQL-1

_____

Before JILL PRYOR, BRASHER, and WILSON, Circuit Judges.

PER CURIAM:

Joshua Colston appeals his conviction for possession of a firearm by a felon under 18 U.S.C. § 922(g)(1), arguing that § 922(g)(1) is unconstitutional under the Second Amendment as applied to him. After careful review, we affirm.

The parties dispute the applicable standard of review. We generally review a statute's constitutionality de novo. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). But we review for plain error when a defendant raises the issue for the first time on appeal. *Id.* To demonstrate plain error, the defendant must show (1) "that the district court erred"; (2) "that the error was 'plain'"; (3) "that the error affected his substantial rights"; and (4) that "the error seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014) (alterations adopted).

Regardless of the standard of review, Colston's challenge fails. He argues that that § 922(g)(1), as applied to him based on his prior non-violent felony convictions, violates the Second Amendment. But we rejected the same challenge in *United States v. Dubois*, 139 F.4th 887 (11th Cir. 2025). There, we reaffirmed that "prohibitions on the possession of firearms by felons" are "presumptively lawful" and upheld § 922(g)(1) as constitutional. *Id.* at 893. We remain bound by *Dubois* "unless and until [its] holding is overruled by the Court sitting en banc or by the Supreme Court." *Smith v.*

24-12878                Opinion of the Court                3

*GTE Corp.*, 236 F.3d 1292, 1300 n.8 (11th Cir. 2001). Therefore, we affirm Colston's conviction.

**AFFIRMED.**