**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11734

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

TRAVIS HORNE,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:03-cr-20678-CMA-4

_____

Before LUCK, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

Travis Horne appeals his sentence of six months' imprisonment followed by five years of supervised release, including three years of home confinement, imposed upon the revocation of his

original term of supervised release.  He contends that, in light of *Esteras v. United States*, 145 S. Ct. 2031 (2025), the district court plainly erred by clearly and obviously considering the need of the sentence to promote respect for the law when imposing his post-revocation sentence.  After he filed his initial brief on appeal, Horne and the Government jointly moved for summary reversal.

When a defendant violates conditions of supervised release, the district court has authority to revoke the term of supervised release and impose a term of imprisonment after considering most of the factors set forth in 18 U.S.C. § 3553(a).  18 U.S.C. § 3583(e)(3); *United States v. Gomez*, 955 F.3d 1250, 1257-58 (11th Cir. 2020).  These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to deter, to protect the public, and to provide the defendant with necessary training, care, and treatment; the kinds of sentence and the sentencing range established by applicable Guidelines or policy statements; policy statements issued to further the purposes of sentencing; the need to avoid unwarranted sentence disparities among similarly situated defendants; and the need to provide restitution to victims.  18 U.S.C. § 3583(e); *see id.* § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).  The needs of a sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense are omitted under § 3583(e).  18 U.S.C. § 3583(e)(3); *see also* 18 U.S.C. § 3553(a)(2)(A).

In *Esteras*, the Supreme Court held that district courts cannot consider § 3553(a)(2)(A) when revoking supervised release under

18 U.S.C. § 3583(e). 145 S. Ct. at 2040. The Court reasoned the exclusion of § 3553(a)(2)(A) from the established series of § 3553(a) factors, almost all of which were enumerated in the statute, produced a negative inference that Congress intentionally excluded § 3553(a)(2)(A). *Id.* at 2040-41. The Court determined the statutory structure confirmed this negative inference because neighboring provisions expressly instructed courts to consider all the § 3553(a) factors. *Id.* at 2041. The Court then reasoned that Congress's decision to exclude the factors included in § 3553(a)(2)(A), which were specific to the underlying crime of conviction and comprised the retributive purposes of sentencing, from the enumerated factors in § 3583(e), comported with the role of supervised release as a rehabilitative tool of post-confinement assistance. *Id.* Thus, the Court explained that, when a defendant violates conditions of supervised release, courts must consider only the forward-looking aspects of sentencing—deterrence, incapacitation, and rehabilitation. *Id.* The Court explained that, to establish a district court plainly erred by impermissibly relying on § 3553(a)(2)(A), it must be "clear or obvious [from the record] that the district court actually relied on § 3553(a)(2)(A)—because it did so either expressly or by unmistakable implication." *Id.* at 2045.

As an initial matter, the *Esteras* challenge is reviewed for plain error because Horne did not object to the district court's consideration of "the need to promote respect for the law" before the district court. *See id.* ("If the defendant does not make the district court aware that it may be impermissibly relying on § 3553(a)(2)(A), then the defendant's appeal will be governed by plain-error

review."). Under plain-error review, an appellant challenging his sentence must demonstrate: (1) that the district court erred; (2) that the error was "plain"; (3) that the error affected the defendant's substantial rights; and (4) that the error "seriously affected the fairness, integrity, or public reputation of judicial proceedings." *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014) (quotation marks and alterations omitted).

The parties are correct, as a matter of law, that the district court committed a reversible plain error by clearly and obviously relying on an impermissible § 3553(a)(2)(A) factor when revoking supervised release and imposing a new sentence. *See Esteras*, 145 S. Ct. at 2040, 2045; *Vandergrift*, 754 F.3d at 1307; 18 U.S.C. § 3583(e). As Horne admitted to two supervised-release violations, the district court had authority under § 3583(e) to revoke his term of supervised release and impose a term of imprisonment after considering most of the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e)(3); *Gomez*, 955 F.3d at 1257-58. The district court, however, could not consider § 3553(a)(2)(A), which includes the need for a sentence to promote respect for the law. *Esteras*, 145 S. Ct. at 2040. It is clear and obvious from the record that the district court "actually relied on § 3553(a)(2)(A)," given that it expressly named "the need to promote respect for the law" as one of only three § 3553(a) factors that it had "carefully considered" in its decision to revoke Horne's supervised release. *Id.* at 2045. By relying on an impermissible factor, the court committed an error that satisfies the first and second prongs of plain-error review. *Id.*; *United States v. Rodriguez*, 75 F.4th 1231, 1241 (11th Cir. 2023) (stating for an error

to be "plain" under plain-error review, it must be resolved directly by either controlling precedent or the explicit words of a statute or rule); *Henderson v. United States*, 568 U.S. 266, 279 (2013) (explaining an error is "plain" for the purposes of plain-error review if the error is plain at the time of appellate review).

As to the third prong of plain error review, Horne was sentenced to six months' imprisonment, followed by five years of supervised release, three years of which were to be served under home confinement and electronic monitoring, conditions which may be imposed under § 3583(e) "only as an alternative to incarceration." 18 U.S.C. § 3583(e)(4). Therefore, the 6 months of incarceration plus the 3 years of home confinement is equivalent to 42 months' confinement for 2 non-criminal Grade C violations, an upward variance of at least 30 months from Horne's advisory Guidelines range of 6-12 months' imprisonment. *See id.*; U.S.S.G. § 7B1.4(a). Thus, there is a reasonable possibility that, had the court not relied on the "need to promote respect for the law,"[1] an impermissible factor, he would have received a lesser sentence, satisfying the third prong of plain-error review. *See United States v.*

---

[1] We note that Horne's two Grade C violations were arguably minor, given that they did not involve drugs, violence, or any criminal offenses, but instead stemmed from his brief attendance at his uncle's funeral. *See* U.S.S.G. § 7B1.1(a)(3). They were also his first—and only—violations that the court found him to have committed in the 18 months that he was on home confinement and electronically monitored. In contrast, Horne's underlying offenses were serious, involving drugs, firearms, and violence, and warranted a 450-month imprisonment sentence.

*Arias-Izquierdo*, 449 F.3d 1168, 1190 (11th Cir. 2006) (holding a plain sentencing error affects the defendant's substantial rights when there is a reasonable probability that, but for the error, he would have received a lesser sentence). Further, because the district court's error risks unnecessarily depriving Horne of his liberty, it undermines the fairness, integrity, and public reputation of judicial proceedings, therefore satisfying the fourth prong. *See Rosales-Mireles v. United States*, 585 U.S. 129, 140, 142 (2018) (explaining to satisfy the fourth prong of plain error review, a court must find the error seriously affected a judicial proceeding on "a case-specific and fact-intensive inquiry," and in the context of sentencing, a court must find "[t]he risk of unnecessary deprivation of liberty particularly undermine[d] the fairness, integrity, or public reputation of judicial proceedings"). Thus, the district court committed reversible plain error. *Vandergrift*, 754 F.3d at 1307.

Accordingly, because the parties' position is clearly correct as a matter of law, we GRANT the joint motion for summary reversal. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)[2] (explaining summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case").

**VACATED AND REMANDED.**

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.